CRYSTAL PLATE GLASS Co., respondent, v. FIRST NAT. BANK OF LIVINGSTON, appellant.

BANKS AND BANKING — *Certificate of deposit — Signed by cashier — Bank liable.*— A bank ordered certain goods from plaintiffs on behalf of third parties. These parties being unable to pay at the time, the then acting cashier of the bank took their paper, and sent to plaintiffs a certificate of deposit payable in three months, and regular in form, except that it was signed by him in his name alone, and not as cashier.

*Held,* that the proceeding was in the ordinary course of business, and the cashier did not exceed his authority, and the bank was consequently liable.

### *Appeal from First District, Gallatin County.*

ACTION against a bank on a certificate of deposit. Judgment for plaintiff. Defendants appeal.

E. W. & J. K. TOOLE and WM. WALLACE, Jr., for the appellants.

SAVAGE & ELDER and CHUMASERO & MCCUTCHEON, for the respondent.

GALBRAITH, J. This case was tried by the court without a jury. There was a judgment rendered for the respondent for the full amount of its claim. It is admitted by the appellants that the whole question may be determined by a consideration of the action of the court in overruling the motion for a nonsuit.

The testimony introduced by the respondent, and upon which it rested its case, was as follows:

"*(Certificate of Deposit.)*

"$780.     THE FIRST NATIONAL BANK OF LIVINGSTON.

"LIVINGSTON, M. T., May 21, 1884.

" This is to certify that Crystal Plate Glass Co. have deposited in this bank seven hundred and eighty dollars, payable in current funds, to the order of themselves, three months after date, with interest at the rate of six per cent. per annum, on the return of this certificate properly indorsed. No interest after three months.

"No. 508.                     D. E. FOGARTY."

Fogarty was cashier of the bank at the time this certificate was issued.

A letter by Fogarty to the respondent, which was as follows:

"LIVINGSTON, MONT., May 21, 1884.

" *Crystal Plate Glass Co., Saint Louis, Mo.*— GENTLEMEN: Your favor of the 16th is received. Owing to the strin-

gency in the money market here, the parties we ordered the glass for are unable to pay for the same at present. They are perfectly good. Consequently we will take their paper for three months, and inclose our C. D. for three months to secure you, which we trust will be satisfactory.

"Respectfully,          D. E. FOGARTY."

The action was brought upon the above certificate of deposit; and the questions for our determination as admitted by the appellant's counsel in their argument are — *First*, was the certificate of deposit issued by Fogarty as cashier of the bank? and, *second*, if so, did he, under the above state of facts, have the authority to issue it? We find upon an examination, as admitted by appellants, the testimony introduced by them to sustain their answer and the amended answer to which the demurrer was sustained do not substantially modify the above facts.

As to the first question. It is true that the certificate was not signed by Fogarty as cashier, but the evidence shows that he was cashier of the bank at the time of its issuance, and the letter of the same date relating to it as above set forth is signed by him as cashier. We have no doubt, therefore, from the above state of facts, and from the inherent nature of the transaction, that it was issued by him in his official capacity of cashier of the bank. Had he authority to issue this certificate? From the foregoing evidence it appears that it was not issued upon the strength of funds of the respondent deposited in the bank, but upon the promissory notes of third persons, made payable to the bank, from whom the bank had previously ordered the goods. The letter was admitted without objection; and it appears from it that the bank itself had ordered the goods, for the price of which the certificate of deposit was issued. It is fair to presume that the credit was given to the bank, and that it was responsible therefor. It was therefore a demand against the bank, and the certificate of deposit, payable three months after date, was in substance the promise of the bank to pay at the expiration of that period. We

think this to have been within the authority of the cashier. But even proceeding upon the theory that it was not the debt of the bank, but of the third parties who gave the notes, the bank, by taking these notes payable to itself, assumed their indebtedness and became liable therefor. In this case, the cashier would have the authority mentioned before. But aside from this, it is the regular course of business in banks that persons make their promissory notes thereto, and have the amount thereof placed as so much cash to their credit, and a certificate may be issued therefor to themselves or to any one to whom they may direct. Therefore, putting out of view the liability of the bank when the bank took the promissory notes of the persons for whom the goods were ordered, they may be considered funds in its hands upon which the cashier might issue a certificate of deposit to their creditor, the respondent.

We think that the proceeding was according to the ordinary course of business in banks, and that the cashier did not exceed his authority.   The judgment is affirmed, with costs.

WADE, C. J., and BACH, J., concur.